WILES BROS. & COMPANY *v.* THOMAS F. WYNNE *et al.*

*(Nashville.* December Term, 1917.)

1. **EXECUTORS AND ADMINISTRATORS.** Funeral expenses. Allowance.

A charge of $1,000 by an undertaker for a casket which cost it only $307 was exorbitant, and was properly reduced. (*Post, pp.* 398, 399.)

2. **EXECUTORS AND ADMINISTRATORS.** Allowances. Funeral expenses.

An expenditure of $1,332 for the funeral of a person who had been an imbecile and inmate of an asylum for years, whose estate was less than $10,000 was unwarranted. (*Post, p.* 399.)

3. **EXECUTORS AND ADMINISTRATORS.** Funeral expenses.

In the absence of any direction in the will, an executor or administrator has the right to use his discretion in incurring funeral expenses, but the amount must be reasonable. (*Post, p.* 399.)

Cases cited and approved: Gooch v. Beasley, 137 Tenn., 407; Steger v. Frizzell, 2 Tenn., Ch., 369.

4. **EXECUTORS AND ADMINISTRATORS.** Funeral expenses. Personal liability.

The mere fact that an administrator, or other person, wrote "O. K." on an undertaker's bill, did not bind him personally, because to bind a person making arrangement for the burial of another it should distinctly appear that he agreed to pay the debt. (*Post, pp.* 399, 400.)

Code cited and construed: Sec. 4090, subsec. 2. (T.-S.)

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County.—Jno. Allison, Chancellor.

Stokes & Stokes, for appellant.

Jno. T. Lellyett, for appellees.

Mr. Justice Fentress delivered the opinion of the Court.

Complainants are undertakers, and seek, by their bill, to recover from Thomas F. Wynne, personally, and the Nashville Trust Company and Thomas F. Wynne as joint administrators of the estate of John Wynne, $1,332 for funeral expenses incurred in the burial of the deceased.

The defendant Wynne denies that he contracted to personally pay the complainants, and the administrators contest the claim upon the ground that it is exorbitant.

The chancellor rendered a decree for $700 against the estate of the deceased and dismissed the bill as to Thomas F. Wynne, and the complainants have appealed to this court.

Attached to the bill is an itemized account of the claim. The largest of these items is $1,000 for a black cloth, copper-lined casket. It is admitted that

this casket cost the complainants $307. Thus it appears that on this single item the profit sought is $693. There is no proof adduced as to the reasonableness of the other items, but it is quite apparent to the court that the prices charged for many of these articles are excessive.

We think the claim is exorbitant, and that the chancellor was correct in disallowing it. His decree for $700 in favor of the complainants is full compensation for the services rendered and articles furnished for the burial of the deceased.

There was no occasion for an expensive funeral. The proof shows the estate was less than $10,000 in value, and that, for a number of years prior to his death, the deceased was an imbecile and an inmate of an asylum. An expenditure of $1,332 for the funeral of such a person is an unwarranted extravagance.

It is the law in this State that, in the absence of any direction in the will, an executor or administrator has the right to use his discretion in incurring funeral expenses; however, the amount must be reasonable. *Gooch* v. *Beasley,* 137 Tenn., 407, 193 S. W., 132; *Steger* v. *Frizzell,* 2 Tenn. Ch., 369. What good can be accomplished by a lavish expenditure of money for such a purpose?

Defendant Wynne is sought to be held personally liable upon the ground that he selected the casket and after the burial wrote "O. K." upon the bill. He admits he selected the casket, but denies that anything was said about his paying the expenses of the

funeral, and that when he wrote "O. K." upon the bill he was suffering intensely from a recent injury and had no idea that complainants desired to fix liability upon him.

We are of the opinion that, before the person who makes arrangements for the burial of another is held liable for the expense incurred, it should distinctly appear that such person agreed to pay the debt. Funeral expenses are a debt against the estate of a decedent, and, even where the estate is insolvent, by statute (Thompson's Shannon's Code, section 4090, subsection 2), are made a preferred claim.

When a person dies, frequently relatives, friends, or neighbors make the funeral arrangements, with no thought of incurring personal liability for the payment of the expense. To hold that the performance of this humane service, generally actuated by motives of esteem for the deceased and a desire to relieve the bereaved family of the unpleasant duty, makes such a person liable for the undertaker's claim, would be a subversion of justice.

The decree of the chancellor is affirmed, and the costs adjudged against complainants.